### DIETZ v HABER et

Ohio Appeals, 9th Dist, Summit Co

No 3177. Decided Oct 26, 1939

Gottwald, Breiding & Hershey, Akron, for appellee.

Scott A. Belden, Akron, for appellants.

**OPINION**

PER CURIAM:

This action to marshal liens is before this court as an appeal on questions of law and fact.

In case No. 3035, this court held that the gratuitous transfer of the property which is the subject of this action was a fraudulent one, and ordered the transfer set aside.

In the instant action, homestead rights are claimed in the property in question, which are allowed.

Rights arising under claims of subrogation are also asserted by Jacob Haber, and by Virginia Bruson.

Haber's claim is to be subrogated to the rights of a mortgagee, whose mortgage he claims to have paid and discharged on the property in question thirteen years ago.

This court finds against that claim.

Virginia Bruson's claim is to be subrogated for taxes paid by her during the time the record title to the premises rested in her.

The original action to set aside the transfer from Dollie Haber to Virginia Bruson was filed October 3, 1932. Service by publication on Virginia Bruson was completed November 8, 1932.

On November 21, 1932, Virginia Bruson filed her answer in that action.

On September 8, 1932, Virginia Bruson paid, to the treasurer of Summit County, $70.32, as taxes on the property in question. All other payments made by her thereafter were made subsequent to the filing of the action to set aside the transfer, and after the filing of Virginia Bruson's answer therein.

It appears from the testimony of Virginia Bruson that no rent was paid by Jacob and Dollie Haber for the use of the premises during the time the title thereto was in Virginia Bruson, and it is also apparent that the payments of taxes were not for the benefit of Amanda Dietz, the appellee herein, but to enable the Habers to continue to occupy the premises, and thus for their benefit.

Subsequent to the filing of the action to set aside the deed to her, Virginia Bruson knew of the assertion of plaintiff's claim, and that her right to the title to said premises was challenged.

This court holds that Virginia Bruson is entitled to be subrogated as to the amount of $70.23, together with interest thereon from the date of payment. As to all other payments of taxes made by her after the institution of the action to set aside her deed, we find against her claim.

A decree may be drawn determining the validity and priority of the several liens as was prepared in the Court of Common Pleas, with the exception that Virginia Bruson's claim to subrogation in the amount of $70.23. with interest thereon, shall be allowed.

Decree accordingly.

WASHBURN, PJ., DOYLE, J. and STEVENS, J., concur.